UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

RAYMOND KAUFMAN,

                 Plaintiff,                       **MEMORANDUM AND ORDER**
                                                         04-CV-4737 (DRH) (WDW)

     -v.-

U.S DEPARTMENT OF LABOR, DIVISION
OF FEDERAL EMPLOYEES COMPENSATION,

                 Defendant.
_____

**APPEARANCES:**

**For the Plaintiff:**
**Joseph C. Stroble, Esq.**
40 Main Street
Sayville, New York 11782

**For the Defendant:**
**Roslynn R. Mauskopf**
**United States Attorney**
**Eastern District of New York**
610 Federal Plaza, 5th Floor
Central Islip, New York 11722
By: James H. Knapp, Assistant U.S. Attorney

**HURLEY, District Judge:**

        Presently before the Court is the motion by defendant U.S. Department of Labor,

Division of Federal Employees Compensation ("Defendant") to dismiss the Complaint pursuant

to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and/or 12(b)(6).   For the reasons stated

below, the motion is granted pursuant to Rule 12(b)(1) and this case is dismissed in its entirety.

## BACKGROUND

        The following facts are drawn from the Complaint.  Plaintiff Raymond Kaufman

("Plaintiff") is a seventy-five year old former employee of the United States Postal Service.  In

August 1986, Plaintiff sustained a work-related injury and began receiving benefits under the Federal Employees Compensation Act ("FECA"), 5 U.S.C. §§ 8101 et seq. Plaintiff, who was married at the time, qualified for, and was paid, monthly FECA benefits at the rate of 75% of his salary.

On November 6, 2002, Plaintiff and his wife divorced. By letter dated May 1, 2002, Defendant notified Plaintiff that his monthly FECA benefits would be reduced from 75% to 66 2/3% of his salary because Plaintiff's divorce left him without a qualifying dependent to justify monthly FECA benefits at the augmented rate.

At Plaintiff's request, the U.S. Department of Labor, Office of Workers' Compensation Programs ("OWCP") held a hearing on July 28, 2003. On September 25, 2003, the OWCP affirmed Defendant's decision, finding that because Plaintiff no longer had a qualifying dependent under FECA, he was no longer entitled to benefits at the higher rate. Plaintiff then appealed to the Employees' Compensation Appeals Board, which issued a decision on March 2, 2004 affirming the OWCP's decision.

Plaintiff filed the instant action pro se seeking to have this Court review and reverse Defendant's decision and to reinstate Plaintiff's FECA benefits at the 75% rate. Thereafter, Defendant filed the instant motion, seeking to have the Complaint dismissed for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff, who at this point was represented by present counsel, filed a two-sentence opposition letter, stating only that "[t]he plaintiff opposes the defendant's motion to dismiss, relying on the record created by the defendant. The defendant has failed to state a basis to dismiss plaintiff's complaint." (Oct. 5, 2005 Letter, docket entry 18.)

## DISCUSSION

FECA provides that "[t]he United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty . . . ." 5 U.S.C. § 8102(a). Section 8128(b) provides that:

> The action of the Secretary [of Labor] or his designee in allowing or denying a payment under this subchapter is--(1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) not subject to review by another official of the United States or by a court by mandamus or otherwise.

*Id.* § 8128(b)(1)-(2).

The Supreme Court has pointed to section 8128(b) as an example of the "unambiguous and comprehensive" language Congress uses when it "intends to bar judicial review altogether." *Lindahl v. Office of Personnel Mgmt.*, 470 U.S. 768, 779-80 & n.13 (1985). Nonetheless, several courts have recognized two limited exceptions to section 8128(b), permitting judicial review where there is a claim of a violation of a constitutional right or a clear statutory mandate. *See Hanauer v. Reich*, 82 F.3d 1304, 1307 (4th Cir. 1996); *Czerkies v. United States Dep't of Labor*, 73 F.3d 1435, 1438 (7th Cir. 1996). Other courts, however, have found that section 8128(b) precludes such judicial review. *See McDougal-Saddler v. Herman*, 184 F.3d 207, 212 (3d Cir. 1999) (rejecting clear statutory mandate exception). Although the Second Circuit has not directly addressed the scope of judicial review under FECA, it has approvingly noted in dicta that "[m]any sister circuits" recognize these two exceptions. *United States v. Sforza*, 326 F.3d 107, 111-12 (2d Cir. 2003).

Here, even assuming the validity of these two judicially created exceptions,

3

Plaintiff's Complaint does not allege either a constitutional violation or a violation of a clear statutory mandate. Instead, Plaintiff's sole claim is that because he is required by court order to pay his ex-wife child support, he is still entitled to claim her as a dependent under FECA. Thus, Plaintiff's disagreement with Defendant's ruling is based solely on how the term dependent is defined under FECA. Accordingly, neither exception applies and this Court does not have jurisdiction over Plaintiff's claim.

Finally, the Court notes that Plaintiff has not requested leave to amend his Complaint. In addition, Plaintiff's two-sentence opposition letter provides the Court with no basis upon which any leave could be based. Accordingly, the Court declines to provide Plaintiff with leave to file an amended complaint.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint for lack of subject matter jurisdiction is granted and this case is dismissed. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, N.Y.
June 8, 2006

/s_____
Denis R. Hurley,
United States District Judge